IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALANA SOUZA a/k/a ALANA CAMPOS,
DANIELLE RUIZ, EVA PEPAJ, IRINA
VORONINA, JENNIFER ZHARINOVA,
TIFFANY TOTH-GRAY, JESSICA
BURCIAGA, SANDRA VALENCIA, VIDA
GUERRA, and LINA POSADA,

      Plaintiffs,

    v.                                                                                                Civ. No. 21-538 DHU/SCY

CATALYST HOSPITALITY GROUP, LLC,
doing business as POSH NIGHTCLUB,
ABQ LIQUORS, LLC, and
DOES 1 through 20, inclusive,

      Defendants.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte*. Plaintiffs filed their Amended Complaint on November 2, 2021. Doc. 17. The Amended Complaint named as defendants Catalyst Hospitality Group, LLC, doing business as Posh Nightclub; ABQ Liquors, LLC; and "Does 1 through 20, inclusive." ABQ Liquors has appeared and defended in this case, but Catalyst Hospitality Group, LLC has not. In addition, the record does not reflect that "Does 1 through 20" have been identified and served.

Catalyst Hospitality Group, LLC was served but failed to appear and defend in this case. Plaintiffs sought and received a Clerk's entry of default on January 24, 2022. Doc. 22. Plaintiffs have taken no further action against Catalyst Hospitality Group, LLC in this case, such as moving for default judgment under Rule 55(b). The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote

judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Additionally, under the Local Rules of this Court, "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward." D.N.M.LR-CIV. 41.1. Based upon Plaintiffs' lack of activity in this case against Catalyst Hospitality Group, LLC, they will be required to show cause why the claims against this defendant should not be dismissed.

In addition, the record reflects no activity towards identifying and serving "Does 1 through 20, inclusive." "There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names . . . ." *Coe v. U.S. Dist. Ct. for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982); *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984) ("no federal statute or rule specifically countenances the naming of fictitious parties in a lawsuit").

Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

The time to serve the Doe defendants has run according to this rule. The district court retains discretion to extend the time to identify and serve unknown defendants, without also deciding whether an amendment to the complaint would be permitted to add the defendants once identified. *Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022). The Court hereby notifies Plaintiff that it will recommend dismissal of the claims against "Does 1 through 20, inclusive" for failure to serve and prosecute the claims against them, absent a showing of good cause to extend the deadline to identify the defendants, move to amend the complaint to substitute them as named parties, and serve them.

**WHEREFORE, IT IS HEREBY ORDERED** that, in order to avoid dismissal of this action against certain Defendants, Plaintiffs must provide the Court with a written explanation showing good cause for failure to prosecute the claims against Defendants Catalyst Hospitality Group, LLC and "Does 1 through 20, inclusive", on or before **July 13, 2022.**

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE