IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALANA SOUZA a/k/a
ALANA CAMPOS, et al.,

    Plaintiffs,

v.                                          No. 1:21-cv-00538 MIS/SCY

CATALYST HOSPITALITY
GROUP, LLC d/b/a POSH
NIGHTCLUB, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR DEFAULT JUDGMENT AND SETTING HEARING**

THIS MATTER is before the Court on Plaintiffs' Rule 55 Motion for Default Judgment Against Defendant Catalyst Hospitality Group, LLC, Doing Business as Posh Nightclub ("Motion"), ECF No. 43, filed September 22, 2022. Plaintiffs seek default judgment against Defendant Catalyst Hospitality Group, LLC d/b/a Posh Nightclub pursuant to Federal Rule of Civil Procedure ("Rule") 55(b). ECF No. 43 at 1. The record reflects that Defendant Catalyst Hospitality Group, LLC failed to file a response to the Motion. Upon due consideration of Plaintiffs' submissions, the record, and the relevant law, the Court will **GRANT** the Motion and set a hearing on damages for **Tuesday, May 16, 2023, at 2:00 PM**, in the Guadalupe Courtroom, United States Courthouse, 100 N. Church Street, Las Cruces, New Mexico.

**BACKGROUND**

This case arises out of Defendants' alleged use of Plaintiffs' images, without their permission, to promote Defendants' Albuquerque club, "Posh Nightclub." ECF No. 17 at

1–2. Plaintiffs are professional models and earn their livelihoods modeling and licensing their images to "companies, magazines, and individuals for the purpose of advertising products and services." *Id.* at 5. Plaintiffs allege that Defendants showcased their images on the nightclub's social media "to create the false impression that Plaintiffs worked at Posh Nightclub, endorsed, promoted or sponsored same, or were otherwise associated or affiliated with same." *Id.* at 16. Meanwhile, Plaintiffs allege not only that they were never affiliated with Defendants' club, but that Defendants never even requested the use of Plaintiffs' images, instead obtaining them from Plaintiffs' social media pages. *Id.* at 16–17.

On November 2, 2021, Plaintiffs filed an amended complaint adding Catalyst Hospitality Group, LLC as a defendant and alleging (i) violations of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(B), for false advertising; (ii) violations of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A), for false association; (iii) appropriation of likeness; (iv) portrayal in a false light; (v) violations of the New Mexico Unfair Practices Act, N.M. Stat. Ann. § 57-12-2 et seq.; (vi) defamation; (vii) negligence and respondeat superior; (viii) conversion; (ix) unjust enrichment; and (x) quantum meruit. ECF No. 17 at 17–28.

On December 2, 2021, Defendant Catalyst Hospitality Group, LLC ("Defendant") was personally served with the summons and amended complaint through its registered agent, Gerald Zamora. ECF No. 20 at 1–2. A responsive pleading was due on or before December 23, 2021. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). To date, Defendant has not appeared, filed an answer, or otherwise responded in this action.

On January 21, 2022, Plaintiffs requested the Clerk of the Court enter default against Defendant for failing to defend its interests in this case. ECF No. 21 at 1. The Clerk of the Court entered default against Defendant on January 24, 2022. ECF No. 22 at 1.

Plaintiffs subsequently filed the Motion, seeking default judgment against Defendant along with an award of $159,000 in actual and compensatory damages. ECF Nos. 43 at 2; 43-1 at 15.

## LEGAL STANDARD

Rule 55 provides a two-step process for the entry of default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, the plaintiff must then request an entry of default judgment. Fed. R. Civ. P. 55(b). If the plaintiff's claim is for "a sum certain or a sum that can be made certain by computation" and the defendant is neither a minor nor incompetent, default judgment may be entered by the Clerk of the Court. Fed. R. Civ. P. 55(b)(1). In all other instances, default judgment must be entered by the Court. Fed. R. Civ. P. 55(b)(2).

In considering whether to grant a motion for default judgment, a court should first determine whether each party against whom a default judgment is sought has been properly served in accordance with the Federal Rules of Civil Procedure, and subsequently failed to answer, defend, or otherwise appear in the case within the time provided by the Rules. *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010) ("Personal jurisdiction over the defendant is required before a default judgment in a civil case may

be entered.") (citation omitted). Then, the court must determine whether the complaint's factual allegations establish a proper cause of action. *Id.* at 762.

When a party seeks default pursuant to Rule 55(b)(2), the court takes as true "all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003); *see also* Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The court may enter default judgment without a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)). Otherwise, the court shall conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B).

Courts disfavor default judgments, and instead prefer to adjudicate cases on their merits. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). As such, default judgment must be "viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). The decision whether to enter a default judgment is ultimately at the court's discretion. *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).

## DISCUSSION

In their Motion, Plaintiffs argue they are entitled to a default judgment "for a sum that is made certain by computation and is more specifically set forth in the Declaration

4

of Stephen Chamberlin . . . ." ECF No. 43 at 2. However, no claim for liquidated damages or sum made certain by computation appears on the face of the amended complaint. *See generally* ECF No. 17. The Court will therefore address the instant Motion.

**A. Whether Plaintiffs Were Entitled to a Clerk's Entry of Default**

A limited liability company may be served in a judicial district of the United States "by delivering a copy of the summons and of the complaint to an officer . . . or any other agent authorized by appointment or by law to receive service of process," and if required by statute, "also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Service may also be made by following state law for service of process in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

Plaintiffs allege that their process server properly served Defendant on December 2, 2021. ECF No. 43 at 2. Their process server personally served the summons and amended complaint on Gerald Zamora, Defendant's designated agent, on December 2, 2021. ECF No. 20 at 2. The Court finds that this personal service of an authorized agent of Defendant was proper.

When a defendant has "failed to plead or otherwise defend, and that failure is shown by affidavit[,]" a Clerk's default "must [be] enter[ed]." Fed. R. Civ. P. 55(a). To date, Defendant has failed to answer. The Court therefore finds that the Clerk's entry of default was proper. *See* ECF Nos. 21, 22.

**B. Whether the Complaint States a Claim for Relief**

Next, the Court must determine "whether the unchallenged facts [in the complaint] create a legitimate basis for the entry of a judgment." *Hollow Spirits, LLC v. Corson Distilling Systems, Inc.*, 1:18-cv-257 MV/JFR, 2020 WL 1963188, *6 (D.N.M. March 9,

2020) (quoting *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-CV-02445-LTB/MJW, 2008 WL 793606, *1 (D. Colo. Mar. 22, 2008)), *report and recommendation adopted*, 1:18-cv-257 MV/JFR, 2020 WL 1954152 (D.N.M. April 23, 2020). Plaintiffs raise ten causes of action, as listed above, and assert all against Defendant.

### 1. False Advertising

Plaintiffs' first cause of action alleges Defendant violated the Lanham Act's prohibition against false advertising. ECF No. 17 at 17. The Lanham Act provides that:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B). Here, Plaintiffs have properly alleged that Defendants used Plaintiffs' images to mislead potential customers as to Plaintiffs' employment at or affiliation with their nightclub. ECF No. 17 at 14, 17–18, 22. Plaintiffs have also produced a declaration in support of the allegation that such intentional false advertising negatively impacted Plaintiffs. *See generally* ECF No. 43-1. For these reasons, the Court finds that Plaintiffs have established this claim. The Court will therefore grant default judgment against Defendant as to Count I.

### 2. False Association

Plaintiffs' second cause of action alleges Defendant violated the Lanham Act's prohibition against false association. ECF No. 17 at 18. Under the Lanham Act,

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person,
> . . .
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A). Here, Plaintiffs have properly alleged that Defendants used Plaintiffs' images in order to mislead potential customers as to Plaintiffs' association with their nightclub. ECF No. 17 at 14, 18–19, 22. Plaintiffs have also produced a declaration in support of the allegation that such intentional false association negatively impacted Plaintiffs. *See* ECF No. 43-1 at 8. For these reasons, the Court finds that Plaintiffs have established this claim. The Court will therefore grant default judgment against Defendant as to Count II.

*3. Appropriation of Likeness*

Plaintiffs' third cause of action alleges Defendant tortiously appropriated Plaintiffs' likeness. ECF No. 17 at 19. "New Mexico courts have relied on the [Restatement (Second) of Torts] in identifying and defining the four categories of the invasion of privacy tort." *Bhandari v. VHA Sw. Cmty. Health Corp.*, 1:09-cv-0932 JB/GBW, 2011 WL 1336512, at *42 (D.N.M. Mar. 30, 2011) (citing *Moore v. Sun Pub. Corp.*, 881 P.2d 735, 743–44 (N.M. Ct. App. 1994); *Bitsie v. Walston*, 515 P.2d 659, 662 (N.M. Ct. App. 1973)). "Invasion of the 'right of publicity,' also known as 'appropriation,' consists of the exploitation of the plaintiff's name or likeness, usually for commercial gain, as in the unauthorized use of the plaintiff's name in an advertising endorsement for a product."

*Moore*, 881 P.2d at 743 (citing Rodney A. Smolla, *Law of Defamation* § 4.05[1] (1994) and noting its adoption into the Restatement (Second) of Torts).

Here, the Court finds that Plaintiffs have thoroughly pled the unauthorized exploitation of their likenesses for commercial gain by Defendant. *See generally* ECF No. 17 at 5–17, 19–21. Plaintiffs have also produced a declaration in support of the allegation that such appropriation of likeness negatively impacted Plaintiffs. *See generally* ECF No. 43-1. For these reasons, the Court finds that Plaintiffs have established this claim. The Court will therefore grant default judgment against Defendant as to Count III.

### 4. False Light

Plaintiffs' fourth cause of action alleges Defendant violated Plaintiffs' right to privacy by placing them in a false light. ECF No. 17 at 21. "The essence of this tort, a close cousin of defamation, is the placing of another 'in a false light in the public eye.'" *Moore*, 881 P.2d at 743 (N.M. App. 1994). "It is not . . . necessary . . . that the plaintiff be defamed. It is enough that he is given unreasonable and highly objectionable publicity that attributes to him characteristics, conduct or beliefs that are false, and so is placed before the public in a false position." *Id.* (quoting Restatement (Second) of Torts § 652E cmt. b, at 395 (Am. L. Inst. 1977)).

Here, the Court finds that Plaintiffs have thoroughly alleged that Defendants placed them in a false position before the public, presenting them as affiliated with Defendants' club, which they as models—individuals who make their living by selling their likeness—would have reason to find highly objectionable. *See generally* ECF No. 17 at 5–17, 21–22. Plaintiffs have also produced a declaration in support of the allegation that Defendants' presenting Plaintiffs in such false light negatively impacted Plaintiffs. *See*

*generally* ECF No. 43-1. For these reasons, the Court finds that Plaintiffs have established this claim. The Court will therefore grant default judgment against Defendant as to Count IV.

   *5. New Mexico Unfair Practices Act*

Plaintiffs' fifth cause of action alleges Defendant's conduct violated the New Mexico Unfair Practices Act ("UPA"). ECF No. 17 at 22. "Unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce are unlawful" in New Mexico. N.M. Stat. Ann. § 57-12-3. The UPA is designed to "provide a remedy against misleading identification and false or deceptive advertising." *Lohman v. Daimler-Chrysler Corp.*, 166 P.3d 1091, 1096 (N.M. Ct. App. 2007); *see also Diversey Corp. v. Chem-Source Corp.*, 965 P.2d 332, 338 (N.M. Ct. App. 1998) ("The gravamen of an unfair trade practice is a misleading, false, or deceptive statement made knowingly in connection with the sale of goods or services.").

> To state a claim under the UPA, the plaintiff must allege:
>
> (1) [the] defendant made an oral or written statement that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale of goods or services; (3) the conduct complained of occurred in the regular course of defendant's business; and (4) the representation may, tends to, or does deceive or mislead any person.

*Mulford v. Altria Grp., Inc.*, 242 F.R.D. 615, 621 (D.N.M. 2007); *Lohman*, 166 P.3d at 1093. "The 'knowingly made' requirement is met if a party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading." *Stevenson v. Louis*

*Dreyfus Corp.*, 811 P.2d 1308, 1311–12 (N.M. 1991); *see also Cobarrubia v. Keefe Grp.*, LLC, 2:22-cv-0194 MV-GBW, 2023 WL 2712213, at *2 (D.N.M. Mar. 30, 2023).

Here, the Court finds that the alleged implication that Plaintiffs are affiliated with Defendants' business meets the above "statement" requirement, and that Plaintiffs have adequately alleged that this misleading representation was knowingly made in connection with the sale of goods or services, that the conduct occurred in the regular course of Defendant's business, and that the representation may have misled the public. *See generally* ECF No. 17. Plaintiffs have also produced a declaration in support of the allegation that Defendant's violation of the UPA negatively impacted Plaintiffs. *See generally* ECF No. 43-1. For these reasons, the Court finds that Plaintiffs have established this claim. The Court will therefore grant default judgment against Defendant as to Count V.

6. *Defamation*

Plaintiffs' sixth cause of action alleges Defendant's conduct constituted defamation. ECF No. 17 at 23. In New Mexico, the common law tort of defamation requires: (1) a defamatory communication, (2) published by the defendant, (3) to a third person, (4) of an asserted fact, of and concerning the plaintiff, and (5) proximately causing actual injury to the plaintiff. *Newberry v. Allied Stores, Inc.*, 773 P.2d 1231, 1236 (N.M. App. 1989). "A statement is deemed to be defamatory per se, if, without reference to extrinsic evidence and viewed in its plain and obvious meaning, the statement imputes to plaintiff . . . some falsity which prejudices plaintiff in his or her profession or trade; or unchastity of a woman." *Id.* Other statements may be shown to be defamatory by extrinsic evidence. *Id.*

Here, the Court finds that Plaintiffs have adequately alleged that Defendants published images representing a false affiliation between themselves and Plaintiffs, which caused Plaintiffs injury. *See, e.g.*, ECF No. 17 at 14 ("Defendants operated, during the relevant time period, Posh Nightclub where they engaged in the business of selling alcohol and food in an atmosphere [where] nude and/or semi-nude women entertain the business' clientele."). Plaintiffs have thus alleged that the underlying conduct constitutes defamation. *Id.* at 23–25. Plaintiffs have also produced a declaration in support of the allegation that Defendant's conduct constituted defamation. *See generally* ECF No. 43-1. For these reasons, the Court finds that Plaintiffs have established this claim. The Court will therefore grant default judgment against Defendant as to Count VI.

### 7. Negligence and Respondeat Superior

Plaintiffs' seventh cause of action alleges Defendants are liable for both direct negligence and negligence under respondeat superior. ECF No. 17 at 25. "Generally, a negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac*, 73 P.3d 181, 185–86 (N.M. 2003).

Here, Plaintiffs alleged that "Defendants owed a duty of care to Plaintiffs to ensure that their advertising and promotional materials and practices did not infringe on their property and publicity rights." ECF No. 17 at 25. The Court finds Plaintiffs have adequately alleged that Defendant as well as its employees owed a duty to Plaintiffs, and that they breached that duty. *Id.* at 25–26. The Court further finds that Plaintiffs have adequately alleged that such breach caused their damages. *Id.* Plaintiffs have also produced a

11

declaration in support of the allegation that Defendant acted negligently, and that their negligence caused Plaintiffs' damages. *See generally* ECF No. 43-1. For these reasons, the Court finds that Plaintiffs have established this claim. The Court will therefore grant default judgment against Defendant as to Count VII.

    8. *Conversion*

Plaintiffs' eighth cause of action alleges Defendant's conduct constitutes conversion. ECF No. 17 at 26. "Conversion is defined as the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *Nosker v. Trinity Land Co.*, 757 P.2d 803, 807–08 (N.M. Ct. App. 1988). Here, the Court finds that Plaintiffs have adequately alleged that Defendant exercised dominion and control over their images in defiance of Plaintiffs' rights. ECF No. 17 at 26. Plaintiffs have also produced a declaration in support of the allegation that Defendant's conduct constituted conversion. *See generally* ECF No. 43-1. For these reasons, the Court finds that Plaintiffs have established this claim. The Court will therefore grant default judgment against Defendant as to Count VIII.

    9. *Unjust Enrichment and Quantum Meruit*

Plaintiffs' ninth and tenth causes of action alleges Defendants are liable under unjust enrichment and quantum meruit. ECF No. 17 at 27. In order to prevail on a claim for unjust enrichment or quantum meruit, a plaintiff must show that: (1) another has been knowingly benefitted at their expense, (2) in a manner such that allowance of the other to retain the benefit would be unjust. *Ontiveros Insulation Co. v. Sanchez*, 3 P.3d 695, 698

(N.M. Ct. App. 2000). Here, the Court finds that Plaintiffs have adequately alleged that Defendant knowingly benefitted at their expense, in a manner such that allowing Defendant to retain the benefit would be unjust. ECF No. 17 at 27. Plaintiffs have also produced a declaration in support of the allegation that Defendant's conduct constituted unjust enrichment. *See generally* ECF No. 43-1. For these reasons, the Court finds that Plaintiffs have established this claim. The Court will therefore grant default judgment against Defendant as to Count IX and Count X.

      *10. Damages Hearing*

"In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Snelling v. Tribal Vapors*, 2:19-cv-0686 JB/GJF, 2021 WL 1227836, at *45 (D.N.M. Mar. 31, 2021) (citing *Reynolds Sec., Inc. v. Underwriters Bank & Trust, Co.*, 378 N.E.2d 106, 109 (1978)). *cf. Craig Cunningham v. Technologic USA, Inc.*, No. 19-CV-00231-F, 2020 WL 10356245, at *3 (D. Wyo. June 17, 2020) (awarding default judgment damages under TCPA of the statutory damage amount multiplied by the number of alleged violations); *Tint World, LLC v. Mirror Image Glass & Auto Detailing, LLC*, 1:21-CV-00224-MV-LF, 2022 WL 557847, at *9 (D.N.M. Feb. 24, 2022), *report and recommendation adopted*, 2022 WL 796373 (D.N.M. Mar. 16, 2022) ("The Court concludes that a hearing is not necessary to enter default judgment because plaintiff's preferred relief consists of statutory damages, along with declaratory and injunctive relief.").

    Affiant Stephen Chamberlin, who has relevant industry experience and familiarity with the case, has submitted a Declaration in support of Plaintiffs' Motion. ECF No. 43-1. He values the total amount of Plaintiffs' actual or compensatory damages to be

$159,000.00. *Id.* at 15. He arrived at this figure by apparent consideration of the unique career and market position of each individual Plaintiff. *See generally id.* However, the damages in this case are not liquidated, nor are they readily capable of mathematical calculation based on some statutorily determined damages amount. *Id.* The Court will therefore set a hearing to determine damages. *Venable*, 721 F.2d at 300 ("[A] court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."). Plaintiffs may submit any motion regarding attorney fees or costs prior to that hearing, but they are not required to do so.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Rule 55 Motion for Default Judgment Against Defendant Catalyst Hospitality Group, LLC, Doing Business as Posh Nightclub, ECF No. 43, is **GRANTED**.

**IT IS FURTHER ORDERED** that a hearing on damages is hereby set for **Tuesday, May 16, 2023, at 10:00 AM**, in the Guadalupe Courtroom, United States Courthouse, 100 N. Church Street, Las Cruces, New Mexico.

**IT IS SO ORDERED.**

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE