IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALANA SOUZA a/k/a
ALANA CAMPOS, et al.,

    Plaintiffs,

v.                                                                            No. 1:21-cv-00538 MIS/SCY

ABQ LIQUORS, LLC d/b/a
Posh Nightclub, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Plaintiffs' Rule 55 Motion for Default Judgment Against Defendant Catalyst Hospitality Group, LLC, Doing Business As Posh Nightclub ("Motion"), ECF No. 43. The Court granted default judgment as to liability and set an evidentiary hearing to determine damages. ECF No. 49. An evidentiary damages hearing was held on May 16, 2023. ECF No. 53. Plaintiffs did not present any testimony or evidence at the hearing, but instead requested that the Court grant damages based on their previously submitted declaration. *See* ECF Nos. 53; 43-1. Having considered Plaintiffs' submission, the argument presented at the hearing, the record, and the relevant law, the Court will order Plaintiffs to show cause by July 12, 2023, as to why their Motion should not be denied as to damages.

### BACKGROUND

This case arises out of Defendants' allegedly using Plaintiffs' images without their permission, to promote their Albuquerque club, "Posh Nightclub." ECF No. 17 at 1–2. Plaintiffs are professional models and earn their livelihoods modeling and licensing their images to

"companies, magazines, and individuals for the purpose of advertising products and services." *Id.* at 5. Plaintiffs allege that Defendants showcased their images on the nightclub's social media "to create the false impression that Plaintiffs worked at Posh Nightclub, endorsed, promoted or sponsored same, or were otherwise associated or affiliated with same." *Id.* at 16. Meanwhile, Plaintiffs allege not only that they were never affiliated with Defendants' club, but that Defendants never even requested the use of Plaintiffs' images. *Id.* at 16–17.

On November 2, 2021, Plaintiffs filed an amended complaint naming Catalyst Hospitality Group, LLC as a defendant and alleging (i) violations of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(B), for false advertising; (ii) violations of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A), for false association; (iii) appropriation of likeness; (iv) portrayal in a false light; (v) violations of the New Mexico Unfair Practices Act ("UPA"), N.M. Stat. Ann. § 57-12-2 et seq.; (vi) defamation; (vii) negligence and respondeat superior; (viii) conversion; (ix) unjust enrichment; and (x) quantum meruit. ECF No. 17 at 17–28.

Defendant Catalyst Hospitality Group, LLC ("Defendant") failed to file a responsive pleading, and on April 28, 2023, the Court granted default judgment as to liability. ECF No. 49. As to damages, however, the Court set an evidentiary hearing, finding that "no claim for liquidated damages or sum made certain by computation appears on the face of the amended complaint." *Id.* at 5; *see also* ECF No. 1. The Court incorporates that earlier Memorandum Opinion and Order by reference here.

**DISCUSSION**

When default judgment is granted, the court takes as true "all factual allegations in the complaint, *except those pertaining to the amount of damages*." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003) (emphasis added); *see also* Fed R. Civ. P. 8(b)(6) ("An allegation—*other*

*than one relating to the amount of damages*—is admitted if a responsive pleading is required and the allegation is not denied.") (emphasis added). Because the Complaint does not contain solely a claim for liquidated damages or sum certain, the specific amounts alleged in the Complaint were not deemed admitted when Defendant defaulted in this case, and the Court must look to the evidence provided at the hearing to determine the amount of damages to award.

Plaintiffs, in their Motion, asserted that their claim of damages was "for a sum that is made certain by computation and is more specifically set forth" in the declaration of their expert, Stephen Chamberlin. ECF No. 43 at 2. Mr. Chamberlin calculates their damages to total $159,000.00.[1] ECF No. 43-1 at 15.

## I. Whether Plaintiffs May Rely on the Declaration to Determine Damages

"[A] court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). "In the Rule 55 context, a claim is not a sum certain unless there is *no doubt* as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Snelling v. Tribal Vapors*, 2:19-cv-0686 JB/GJF, 2021 WL 1227836, at *45 (D.N.M. Mar. 31, 2021) (emphasis added) (citing *Reynolds Sec., Inc. v. Underwriters Bank & Tr., Co.*, 378 N.E.2d 106, 109 (1978)).

As stated in the Court's prior Order, the damages in this case are not liquidated, nor are they readily capable of mathematical calculation based on some statutorily determined damages amount. *See* ECF Nos. 1, 43-1; *cf. Craig Cunningham v. Technologic USA, Inc.*, No. 19-CV-00231-F, 2020 WL 10356245, at *3 (D. Wyo. June 17, 2020) (awarding default judgment damages

---

[1] Plaintiffs clarified at the May 16, 2023 hearing that they seek to recover one hundred percent of their damages from the defaulting Defendant, and none from any other party. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (discussing default of one party in a multi-defendant case).

under the Telephone Consumer Protection Act of the statutory damage amount multiplied by the number of alleged violations); *Tint World, LLC v. Mirror Image Glass & Auto Detailing, LLC*, 1:21-cv-00224-MV-LF, 2022 WL 557847, at *9 (D.N.M. Feb. 24, 2022), *report and recommendation adopted*, 2022 WL 796373 (D.N.M. Mar. 16, 2022) ("The Court concludes that a hearing is not necessary to enter default judgment because plaintiff's preferred relief consists of statutory damages, along with declaratory and injunctive relief."). Because the present case involves damages that are not readily determined, the Court was required to hold a hearing on damages. *See Venable*, 721 F.2d at 300.

At the hearing, however, Plaintiffs offered no testimony and presented no witnesses or other evidence, instead stating their intent to rely entirely on the previously submitted declaration of their expert, Mr. Chamberlin. *See* ECF Nos. 53, 43-1. Plaintiffs did not allege that Mr. Chamberlin was unavailable, but merely argued that a sworn declaration suffices under Rule 55 to show reasonably certain damages.[2] ECF No. 53.

Plaintiffs have not alerted the Court to any in-circuit authority supporting the proposition that they may rely entirely on an expert declaration to show damages even where the Court finds it necessary to hold an evidentiary hearing. The Court has located in-circuit cases where a district court awarded damages under the Lanham Act based on an affidavit, but these cases are distinguishable. In one case, the plaintiff requested disgorgement of profits and presented documentary evidence of the amount of profits the defendants had received. *PopSockets LLC v. Y.E.F. Trading Inc.*, No. 19-CV-03636-CMA-SKC, 2020 WL 6487418, at *4 (D. Colo. Nov. 4, 2020). In another case, the plaintiff obtained a certain amount of statutorily determined damages

---

[2] Defendant did not appear at the hearing. ECF No. 53.

per counterfeited type of good. *Zoo Med Lab'ys, Inc. v. Zoo Med Lab'ys Inc.*, No. 1:20-CV-03828-SKC, 2023 WL 2824326, at *4 (D. Colo. Jan. 17, 2023), *report and recommendation adopted*, 2023 WL 2824355 (D. Colo. Feb. 28, 2023).

Plaintiffs cited out-of-circuit cases *Santillan v. Henao* and *Bricklayers v. Connecticut* for the proposition that a sworn declaration suffices under Rule 55 to show reasonably certain damages. Indeed, in *Santillan*, the Eastern District of New York stated that "[t]he court has the discretion to require an evidentiary hearing or to rely on detailed affidavits or documentary evidence in making this determination." *Santillan v. Henao*, 822 F. Supp. 2d 284, 290 (E.D.N.Y. 2011). Similarly, in *Bricklayers*, the District of Columbia reiterated that "[i]n ruling on [a motion for default judgment], the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Bricklayers & Trowel Trades Int'l Pension Fund v. Connecticut Stone Indus., LLC*, 318 F. Supp. 3d 328, 332 (D.D.C. 2018), *order vacated in part*, No. CV 17-2341 (ABJ), 2018 WL 6426476 (D.D.C. Sept. 27, 2018) (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002)).

However, these cases are distinguishable from the instant case. *Santillan*, for example, was a FLSA case in which the Court was able to calculate wages owed based on a declaration "containing information as to hours worked and rates of pay based on estimation and recollection." 822 F. Supp. 2d at 293. By defaulting, defendants deprived that plaintiff of the ability to obtain more formal employee records via discovery. *Id.* at 294. A FLSA plaintiff may meet her burden of proof by relying on her own recollection, which enjoys a presumption of accuracy in the absence of available formal records. *Id.*; *see also Scalia v. Paragon Contractors Corp.*, 957 F.3d 1156, 1162 (10th Cir. 2020).

In addition, the *Santillan* court recognized its ability to rely on affidavits *or* an evidentiary hearing; it does not stand for the admissibility of affidavits or sworn declarations *at* an evidentiary hearing. 822 F. Supp. 2d at 290. Importantly, the district court in *Santillan* recognized a court's discretion to order an evidentiary hearing in the first place, whereas in the present case, Plaintiffs appear to have simply disregarded the Court's decision to exercise such discretion. *See Santillan*, 822 F. Supp. 2d at 290; ECF No. 49 at 13–14. Also, in contrast with *Santillan*, the proof of damages remains in the hands of Plaintiffs, who may have shown evidence of their earning potential by way of, for example, comparable past contracts or invoices. According to Plaintiffs' own allegations, however, no evidence regarding Plaintiffs' past or present earning potential should be in the hands of Defendant, as they have never had any prior business dealings. *See generally* ECF No. 1.

In *Bricklayers*, meanwhile, a trustee of a bricklayers' pension fund alleged that the employer failed to contribute amounts owed under the applicable collective bargaining agreements. 318 F. Supp. 3d at 328. In that case, the court relied upon remittance reports submitted to plaintiffs, finding that the "the sums owed [could] be precisely calculated based on the reports submitted for these months . . . ." *Id.* at 333. The court was also able to accept plaintiffs' estimated damages for the unreported months as they were obtained "by calculating the average of the five previous months for which reports were submitted and multiplying it by ten months." *Id.* at 334. Damages in that type of pension case are generally considered "sums certain." *Id.* at 332.

In contrast to *Bricklayers*, the present case involves a single expert who has opined on the earning capacity for each Plaintiff, based on his experience in the field. *See generally* ECF No. 43-1. The entirety of the expert's determinations regarding Ms. Souza, for example, is as follows:

> Plaintiff ALANA SOUZA a/k/a ALANA CAMPOS ("Campos") is a Brazilian model who started working at the age of 15. Campos was scouted by the director of Ford Models, which remained her agency for five years. While she was

6

> nominated in numerous beauty pageants in her country, she decided to move to the United States at 20 and is currently represented by Wilhelmina Models. Campos has been published in Playboy, Astonish, Viva Glam, and Bliss magazines. She has also been in many campaigns such as Arden B, Target, Chynna Dolls, Frederick's of Hollywood, ICollection, Elegant Moments, Drift Eyewear, Sexy Dresses, Sachika, Marisa Kenson, Sports Calendar, and appeared as a spokes model for My Body Journey and as a cover girl for Arizona Foothills Magazine. In addition, Campos was featured in the movie "Last Vegas" with Robert DeNiro, Morgan Freeman, and Michael Douglas. Campos has a social media reach of approximately four-hundred and seventy-four thousand (474k) followers on Instagram.
>
> Campos' image, likeness and identity are depicted in at least two photographs, which have been used and altered to create the false perception that Campos has consented or agreed to advertise or endorse the Club.
>
> In my opinion, based on my experience and expertise in this industry, and given the number of cumulative and separate usages by Defendant (one image, two usages (Advertising, and Social Media)), I would value Campos' actual or compensatory damages to be, at a minimum, $20,000.

ECF No. 43-1 at 6–7 (paragraph numbers and footnote omitted). The Court does not make any credibility determination, positive or negative, regarding Plaintiffs' expert at this time. However, the Court cannot follow the expert's calculation of damages, which seems relatively subjective in nature, merely from reading his declaration.

Although the Court held a hearing for the purpose, Plaintiffs have not presented admissible evidence in support of their damages request. A default judgment for money damages must be supported by proof. *Klapprott v. United States*, 335 U.S. 601, 611–12 (1949). This ensures that the plaintiff is not awarded more in damages than can be supported by the evidence. *Id.* In *Niemi v. Lasshofer*, for example, the Tenth Circuit addressed a case wherein the district court had granted Plaintiffs' motion for default judgment, and then held a hearing to allow both sides to present evidence regarding damages. 770 F.3d 1331, 1354 (10th Cir. 2014). In that case, the plaintiff submitted a report as part of proposed expert testimony on damages. *Id.* There, the Tenth Circuit upheld the damages award as it found the district court's opinion was not influenced by said report.

*Id.* However, the court also applied the federal rules of evidence to the damages hearing, and expressed serious doubts in a footnote as to the admissibility of the report, and even the admissibility in-court testimony of the so-called expert in the absence of normal qualification formalities. *Id.* at n.11.

In light of the above, the Court will order Plaintiffs to show cause as to why their Motion should not be denied as to damages by July 12, 2023.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Plaintiffs shall **SHOW CAUSE** as to why their Motion for Default Judgment, ECF No. 43, should not be **DENIED** as to damages by **July 12, 2023**.

**IT IS FURTHER ORDERED** that in such briefing, Plaintiffs shall alert the Court as to any in-Circuit authority regarding the Court's ability to award damages in a Lanham Act case or other similar case based on sworn expert declaration alone. In doing so, Plaintiffs shall endeavor to avoid citation to cases involving disgorgement of profits supported by documentation, statutorily determined damages per counterfeited good, or other case where damages are more reflective of a "liquidated sum" or "capable of mathematical calculation," *see Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983), than in the instant case.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE